IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHONY WALTERS *on behalf of himself and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>INTEC COMMUNICATIONS, LLC<br><br>Defendant | FLSA COLLECTIVE ACTION<br>JURY TRIAL DEMANDED<br><br>Civil Action No. 1:15-cv-02673-ELR |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

1.

**COMES NOW** Named Plaintiff, Anthony Walters, by and through his undersigned counsel, and hereby files this, his First Amended Collective Action Complaint against Defendant Intec. Communications, LLC, to obtain full and complete relief on behalf of himself and all others similarly situated for Defendant's failure to pay overtime and minimum wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

**JURISDICTION AND VENUE**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because some of the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

**PARTIES**

4.

Named Plaintiff is a citizen of the United States of America, and a resident of the State of Georgia.

5.

Defendant is a corporation providing cable, television, internet, phone, and home security installation services throughout the United States of America, including (but not limited to) Alabama, Illinois, Louisiana, Mississippi, Tennessee, Texas, and Georgia (including within the Atlanta Division).

6.

Defendant may be served with process by delivering a copy of the summons and Complaint to its registered agent CT Corporation System, 1201 Peachtree Street, NE, Atlanta Georgia 30361.

7.

Defendant is governed by and subject to 29 U.S.C § 206 and § 207.

8.

At all relevant times, Defendant engaged in interstate commerce, and had at least $500,000.00 in annual gross volume of sales made or business done.

9.

At all relevant times, Defendant was an "employer" of Named Plaintiff and all others similarly situated as that term is defined by 29 U.S.C. § 203(d).

10.

At all relevant times, Named Plaintiff and all others similarly situated were engaged in commerce and/or the production of goods for commerce.

11.

At all relevant times, Named Plaintiff and all others similarly situated were "employees" of Defendant as that term is defined by 29 U.S.C. § 203(e).

12.

Named Plaintiff and all others similarly situated are individuals who are currently employed by Defendant or who have been employed by Defendant during the three-year period preceding the filing of this action, and who perform cable, television, internet, phone and/or home security installation services.

13.

Named Plaintiff has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A true and correct copy of his signed Consent to Join Form was filed with the original Complaint on July 29, 2015. [Doc. 1-1].

14.

As of the filing of this First Amended Complaint, approximately seventeen (17) similarly situated individuals have joined this action by the filing of their signed Consent to Join Form. Other similarly situated individuals will likely join this action by filing their signed Consent to Join Forms.

## FLSA COLLECTIVE ACTION FACTUAL ALLEGATIONS

15.

Named Plaintiff brings this collective action on behalf of himself and all others similarly situated pursuant to 29 U.S.C. § 216(b). Named Plaintiff and the similarly situated individuals are persons who: (1) are currently employed by Defendant or have been employed by Defendant at any of its locations throughout the United States within the three-year period preceding the filing of this action; (2) who performed cable, television, internet, phone and/or home security installation services; (3) who were given job titles including, without limitation, Field Technician, Technician, Installer, Cable Installer, Cable Technician, and Installation Technician; Security Technician, and (4) who were not paid the minimum wage rate and/or the overtime wage rate as required by the FLSA (the "Collective Class").

16.

At all relevant times, Named Plaintiff and the Collective Class have had substantially similar job duties, and have been subject to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay them the federal minimum wage rate of $7.25 per hour and overtime (i.e., time and one-half the regular hourly rate of pay) for all hours worked over forty (40) in a week.

17.

Named Plaintiff and the Collective Class were paid on an hourly basis and/or a production bonus.

18.

At all relevant times, Defendant failed to keep track of all hours worked by Named Plaintiff and the Collective Class each week.

19.

At all relevant times, Named Plaintiff and the Collective Class consistently worked off the clock. Specifically, Named Plaintiff and the Collective Class were required to report to the warehouse each morning and work for several hours before they left the warehouse at or about 8:00 a.m. (ideally) to drive to the customer's home. While at the warehouse, Named Plaintiff and the Collective Class returned unused equipment and supplies from the previous day's work; completed paperwork, including daily reconciliations; gathered and loaded the

necessary equipment and supplies for the current day's work; attended mandatory meetings; and other compensable activities.

20.

Named Plaintiff and the Collective Class were required to call each customer prior to each installation to confirm that the customer was at home. If the customer failed to answer the "pre-call," Named Plaintiff and the Collective Class were required to drive to the customer's home, leave a door tag, take a picture of the home, and/or write a brief description of the home to confirm that they actually went to the customer's home. Defendant refused to pay Named Plaintiff and the Collective Class for this time.

21.

Defendant also refused to compensate Named Plaintiff and the Collective Class for any and all time spent driving from one installation job to the next installation job within a single workday.

22.

Named Plaintiff and the Collective Class were only paid for the hours actually spent performing installation work on the job provided that they completed the job. If they did not successfully complete the job, they were not paid for any time spent performing installation work.

23.

Named Plaintiff and the Collective Class consistently worked more than forty (40) hours in a week.

24.

At all relevant times, Defendant failed to maintain accurate time records of all hours worked by Named Plaintiff and the Collective Class.

25.

At all relevant times, Defendant failed to maintain a clock in and clock out system or any other timekeeping system that accurately tracked all hours worked by Named Plaintiff and the Collective Class.

26.

Defendant knew that Named Plaintiff and the Collective Class worked more than forty (40) hours in a week.

27.

Defendant required Named Plaintiff and the Collective Class to engage in numerous compensable activities in addition to performing installation services. However, Defendant only tracked the time spent actually performing installation work at each completed job.

28.

Named Plaintiff and the Collective Class were not paid time and one-half their regular hourly rates of pay for all hours worked over forty (40) in a week.

29.

During some weeks, Defendant paid Named Plaintiff and the Collective Class overtime for some (not all) hours worked over forty (40) in a week. On these occasions, however, Defendant did not include the production bonus when calculating the regular hourly rate of pay. Defendant did this in order to reduce the overtime hourly rate of pay. Had Defendant included the production bonus in the regular hourly rate of pay, the overtime hourly rate of pay would have been higher.

30.

Defendant engaged in a pattern and practice of unlawful wage deductions.

31.

Defendant provided a daily gas allowance of approximately $10.00, which was added to the Technicians' weekly pay. Said amount was insufficient and, as a result, the Technicians used their own money or charged Defendant's gas cards to fuel Defendant's vehicles. In the latter situation, the amount of fuel charged to the gas card was deducted from the Technicians' weekly pay, reducing their regular hourly rates below the federal minimum wage rate.

32.

Defendant also deducted costs from the Technicians' weekly pay for "renting" work tools; lost, stolen or damaged tools; and uniforms, further reducing the Technicians' regular hourly rates below the federal minimum wage rate.

33.

Named Plaintiff and numerous members of the Collective Class repeatedly complained to Defendant about its policy and practice of unlawful wage deductions, its failure to pay minimum wage, and its refusal to pay overtime for all hours worked over forty (40) in a week.

34.

Several members of the Collective Class at Defendant's location in Tucker, Georgia engaged in a strike in 2014 because of these issues.

35.

Management, including Co-Owner and President Paul Gordon, promised to address these issues, but little to nothing changed, and Defendant continued to violate the FLSA's minimum wage and overtime requirements.

36.

The Collective Class is so numerous that joinder of all members is impracticable.

37.

There are questions of law or fact common to the Collective Class, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.

The claims or defenses of the Named Plaintiff are typical of the claims or defenses of the Collective Class.

39.

The Named Plaintiff will fairly and adequately protect the interests of the Collective Class.

**COUNT ONE**
**(Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**

40.

Named Plaintiff reasserts and incorporates by reference paragraphs 16 through 39 of this First Amended Complaint as if fully set forth herein.

41.

Defendant has and continues to violate the FLSA by failing to pay Named Plaintiff and the Collective Class overtime (i.e., time and one-half the regular hourly rate of pay) for all hours worked over forty (40) in a week.

42.

During the three-year period preceding the filing of this action, Defendant operated under a decision, policy, plan and practice of knowingly and purposefully refusing to pay Named Plaintiffs and the Collective Class overtime for all hours worked over forty (40) in a week.

43.

Named Plaintiff and the Collective Class were forced to work off the clock every day, and were only paid for time spent actually performing installation work at each job they completed.

44.

Named Plaintiff and the Collective Class were not paid for work performed at the warehouse each morning; any and all time spent driving to/from installation jobs throughout a single workday; and any time spent driving to the house of a customer who was not home, leaving a door tag, taking a picture of the house, and writing a brief description of the house.

45.

Defendant failed to keep track of all hours worked by Named Plaintiff and the Collective Class.

46.

Defendant merely tracked and paid for the time that the Technician actually spent working at each installation job that he completed (i.e., from the point when the Technician started performing the installation work until the Technician finished performing the installation work and obtained the customer's signature).

47.

During some weeks, Defendant paid Named Plaintiff and the Collective Class overtime for some (not all) hours worked over forty (40) in a week. On these

occasions, however, Defendant did not include the weekly production bonus when calculating the regular hourly rate of pay. Defendant did this in order to reduce the overtime hourly rate of pay. Had Defendant included the production bonus in the regular hourly rate of pay, the overtime hourly rate of pay would have been higher.

48.

Defendant knew that Named Plaintiff and the Collective Class worked substantially longer hours than the time spent performing installation work at each completed job.

49.

Named Plaintiff and the Collective Class worked six (6) or seven (7) days per week. Each morning, they were required to report to the warehouse and work before they drove to their first installation job. During their time at the warehouse each morning, Named Plaintiff and the Collective Class performed compensable activities that included returning unused equipment and supplies from the previous day’s work; completing paperwork; gathering and loading the necessary equipment and supplies for the current day’s work; and attending mandatory meetings. Technicians who arrived late to the warehouse were subject to discipline (i.e., they were given a verbal or written reprimand, sent home, etc.).

50.

Named Plaintiff and the Collective Class repeatedly complained to management about the failure to pay overtime for all hours worked over forty (40) in a week. Indeed, throughout 2014, numerous members of the Collective Class engaged in a strike because of this issue and other issues relating to their compensation.

51.

Defendant willfully disregarded its obligations under the FLSA. In order to appease the Technicians, management, including Mr. Gordon, would vow to look into the issues raised. However, little to nothing changed—Defendant continued to violate the FLSA, including its overtime pay requirements.

52.

At all relevant times, Defendant was required to keep and maintain accurate records of the hours worked by Named Plaintiffs and the Collective Class.

53.

At all relevant times, Defendant failed to maintain accurate time records in violation of the FLSA's recordkeeping requirements.

**COUNT TWO**
**(Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Minimum Wage)**

54.

Named Plaintiff reasserts and incorporates by reference paragraphs 16 through 39 of this First Amended Complaint as if fully set forth herein.

55.

Defendant engaged in a pattern, practice and policy of refusing to pay Named Plaintiff and the Collective Class the federal minimum wage rate for all hours worked in a week.

56.

Defendant refused to pay Named Plaintiff and the Collective Class for all compensable activities, causing the Technicians' regular hourly rates of pay to fall below the federal minimum wage rate. Specifically, Named Plaintiff and the Collective Class were not paid for: (1) any work performed at the warehouse each morning; (2) driving to/from installation jobs; (3) time spent leaving door tags, taking pictures, and/or writing descriptions of the homes of no-show customers; and (4) time spent on installation jobs that the Technician did not successfully complete.

57.

Defendant engaged in a pattern, practice and policy of unlawful wage deductions, causing the Technicians' regular hourly rates of pay to fall even further below the federal minimum wage rate.

58.

Defendant deducted costs from the Technicians' weekly pay for tools, uniforms, and any fuel charged to Defendant's gas card.

## CAUSATION AND DAMAGES

59.

As the direct and proximate result of Defendant's unlawful conduct, Named Plaintiffs and the Collective Class have suffered lost wages and other damages.

60.

Named Plaintiffs and the Collective Class are entitled to back wages, liquidated damages in an equivalent amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

61.

Named Plaintiff and the Collective Class are readily ascertainable. For purpose of notice, and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to Named Plaintiff and the Collective Class via first class mail to the last address known to Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, on behalf of himself and all others similarly situated, prays for the following relief as against Defendant:

A. Certification of this action as a collective action under the FLSA, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Named Plaintiff as the Representatives of the FLSA Collective Class;

C. A judgment in favor of Named Plaintiff and all others similarly situated for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA, 29 U.S.C. § 216;

D. Judgment against Defendant that Defendant's violations were willful; and

E. Such other and further relief as this Court may deem just and proper.

Date: August 28, 2015

Respectfully submitted,

SMITH LAW, LLC

By: /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Named Plaintiff and the Collective Class*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Named Plaintiff, on behalf of himself and others similarly situated, demands a trial by jury.

By: /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Named Plaintiff and the Collective Class*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

**FONT AND POINT CERTIFICATION**

The undersigned counsel for Named Plaintiff hereby certifies that the within and foregoing FIRST AMENDED COLLECTIVE ACTION COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 31st day of August, 2015.

Respectfully submitted,

By: /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Named Plaintiff and the Collective Class*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused or will cause service to issue upon Defendants to this Action with the foregoing FIRST AMENDED COLLECTIVE ACTION COMPLAINT by personal service pursuant to Fed. R. Civ. P. 4. within the time allowed by Fed. R. Civ. P. 4(m).

This 31st day of August, 2015.

By: /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Named Plaintiff and the Collective Class*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 690.5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com